# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Mechanicsburg Fitness, Inc. d/b/a | : | |
| Gold's Gym, | : | Case No. |
| | : | 1:16-bk-01897-HWV |
| Debtor | : | |
| | : | |
| Markian Slobodian, Trustee for the | : | |
| Bankruptcy Estate of Mechanicsburg | : | |
| Fitness, Inc. | : | Chapter |
| | : | 7 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Joyce S. Whiteley, | : | Adv. Proc. No. |
| | : | 1:18-ap-00043 |
| Defendant | : | |

## OPINION

This proceeding is before the court on Defendant Joyce S. Whiteley's ("Whiteley") Motion to Dismiss filed May 5, 2018 (Doc. No. 6) (the "Motion"). Mechanicsburg Fitness, Inc. (the "Debtor") filed its voluntary Chapter 7 petition on April 29, 2016 (the "Petition Date"). The Chapter 7 Trustee, Markian Slobodian (the "Trustee"), initiated this adversary proceeding by filing a complaint on April 25, 2018 against Whiteley seeking avoidance and recovery of an alleged fraudulent transfer made to her on December 29, 2014 (Doc. No. 1) (the "Complaint"). Whiteley now asserts that the Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.  Jurisdiction

This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §1409.

## II. Factual Background and Procedural History

The relevant facts of this case are not complicated, and they come directly from the Trustee's Complaint. The Debtor is a Pennsylvania corporation formed sometime prior to March 15, 2004. The Debtor was formed, among other things, to operate a fitness center located in or near Camp Hill, Pennsylvania (the "Fitness Center"). To facilitate its stated purpose, the Debtor entered into a lease with Capital Plaza Associates ("Landlord") for the use of the real property located at 3401 Hartzdale Drive, Camp Hill, Pennsylvania (the "Facility Lease"). The Debtor also entered into two independent contractor personal trainer agreements (the "Personal Trainer Agreements") with Kevin Keefer ("Keefer") and Susan Hildebrand ("Hildebrand"). Sometime thereafter, the Debtor entered an equipment lease with Financial Pacific Leasing, LLC ("Financial Pacific") for the lease of cardiovascular equipment. The Debtor appears to have operated the Fitness Center for the next 10 years without relevant incident.

Then, on September 4, 2014, the Debtor entered into an Asset Purchase Agreement ("APA") with Linglestown Family Fitness ("Linglestown"), pursuant to which the Debtor agreed to sell its business, equipment, and all other assets (the "Assets") to Linglestown. Compl. ¶ 6. Closing on the sale appears to have occurred contemporaneously with the execution of the APA ("Closing"). At Closing, the Debtor assigned the Facility Lease to Linglestown, though the Personal Trainer Agreements were not assigned. Compl. ¶¶ 6, 24. Also at closing, and as partial payment for the Assets, Linglestown executed a judgment note dated September 4, 2014, payable to the Debtor in the amount of $250,000.00 plus interest at New York Prime plus 1.00% per annum (the "Judgment Note"). Compl. ¶ 7. According to the Trustee, the Judgment Note, the right to receive payments under the Judgment Note, and any and all payments made by Linglestown pursuant to the Judgment Note became valuable assets of the Debtor at Closing. Compl. ¶ 8.

2

The next relevant event occurred approximately four months later on December 29, 2014, when the Debtor transferred the Judgment Note to Whiteley (the "Transfer"). Compl. ¶ 13; Exh. C. According to the document attached to the Complaint as Exhibit "C" (the "Transfer Document"), the Judgment Note was transferred to Whiteley on December 29, 2014 as reimbursement for her September 8, 2014 personal payment of $204,996.17 to the Landlord and her September 8, 2014 personal payment of $48,201.33 to Financial Pacific (collectively, the "Creditor Payments"). Exh. C. The Transfer Document indicates that the Creditor Payments were necessary to accomplish the sale of the Debtor's Assets to Linglestown on September 4, 2014. The Transfer Document, though attached to the Complaint by the Trustee, appears to have been prepared by or at the direction of the Debtor or Whiteley.

According to the Trustee, and notwithstanding the Creditor Payments referenced in the Transfer Document, the Debtor made the Transfer "for no consideration, money, payment, product, services, release of claim, payment of obligation, or other value of any kind whatsoever ("Consideration") or received Consideration which was less than the reasonably equivalent value of the transferred Judgment Note." Compl. ¶ 15. The Trustee also alleges in Paragraph 14 of the Complaint that "Whiteley had not made any loans to the Debtor, had not signed any loan documents with [the Debtor], had no contract or written agreement with the Debtor, was not a surety for the Debtor, had no surety claim or other legally enforceable claim against the Debtor, and was not a creditor of the Debtor." Compl. ¶ 14.

On December 31, 2014, two days after the Transfer, Keefer and Hildebrand filed a civil complaint (the "State Court Complaint") against the Debtor in in the Cumberland County Court of Common Pleas (the "State Court"). In the State Court Complaint, Keefer and Hildebrand assert that the Debtor breached the Personal Trainer Agreements by failing to assign them to Linglestown

3

at Closing, and that the breach caused them damages for which they are entitled to recovery. The Debtor filed preliminary objections to the State Court Complaint, which were overruled without opinion on April 29, 2015. Thereafter, the Debtor filed an answer with new matter to the State Court Complaint, to which Keefer and Hildebrand responded. The Debtor filed bankruptcy on April 29, 2016 before the State Court matter could proceed further.

The Trustee was appointed on the Petition Date. On April 25, 2018, the Trustee initiated the above-captioned adversary proceeding against Whiteley by filing the underlying Complaint. In response, Whiteley filed the instant Motion to Dismiss. A hearing on the Motion to Dismiss was held on June 26, 2018. The matter is now ripe for decision.

### III. Discussion

#### A. The Trustee's Cause of Action

In his Complaint, the Trustee asserts that the Transfer was made at a time when the Debtor was insolvent or that the Debtor became insolvent as a result of the Transfer, and that the Transfer was for less than reasonably equivalent value. Thus, the Trustee seeks to avoid the Transfer of the Judgment Note to Whiteley under 11 U.S.C. § 548(a)(1)(B)[1], which provides that

> "[T]rustee may avoid any transfer ... of an interest of the debtor in property ... that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made ... or became insolvent as a result of such transfer or obligation[.]"

If the Trustee establishes that a transfer is avoidable under section 548, section 550 allows the Trustee to recover the value of such transfer, on behalf of the bankruptcy estate, from certain types of transferees. Section 550 of the Code provides:

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code").

> "[T]o the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."

11 U.S.C. § 550(a). Thus, the Complaint seeks to recover the value of the Transfer from Whiteley as the initial transferee.

**B.     Rule 12(b)(6) Standard**

The Federal Rules of Bankruptcy Procedure incorporate certain rules pertaining to motions to dismiss from the Federal Rules of Civil Procedure. Bankruptcy Rule 7008 applies Rule 8 of the Federal Rules of Civil Procedure to adversary proceedings. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Bankruptcy Rule 7012(b) applies Rule 12(b)(6) of the Federal Rules of Civil Procedure to adversary proceedings. Rule 12(b)(6) allows a party to assert "failure to state a claim upon which relief can be granted" in the context of a motion to dismiss. Fed. R. Civ. P. 12(b)(6).

When presented with a motion to dismiss for failure to state a claim, the court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd. Cir. 2009). The court must accept all the complaint's well-pleaded facts as true but may disregard any legal conclusions. *Id*. at 210–11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". *Id*. at 211. A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The standard "calls for enough fact to raise

a reasonable expectation that discovery will reveal evidence" of liability. *Twombly*, 550 U.S. at 556. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In determining the sufficiency of a complaint, the court should "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon the documents." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3rd Cir. 2016) (alteration and citation omitted). Public records include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, judicial opinions, and hearing transcripts. *Sands v. McCormick*, 502 F.3d 263, 268 (3rd Cir. 2007); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1197 (3rd Cir. 1993

C.  **Application of Rule 12(b)(6) to the Complaint**

In his Complaint, the Trustee seeks to avoid the Transfer of the Judgment Note from the Debtor and to recover the value of that Transfer. Specifically, the Trustee seeks avoidance under section 548(a)(1)(B), for which he must allege: (1) that the Debtor had an interest in the property transferred; (2) that the transfer occurred within two years prior to the date of the petition; (3) that the Debtor did not receive reasonably equivalent value for the transfer; and (4) that the Debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer. The Trustee also seeks to recover the value of the Transfer from Whiteley under section 550, for which he must allege that the Transfer may be avoided under section 548, and that Whiteley is the initial,

6

immediate, or mediate transferee of the transfer, or the entity for whose benefit the Transfer was made.

1. **Debtor's Interest in Transferred Property and Date of Transfer**

Viewing the facts in the light most favorable to the non-moving party, this court finds that the Trustee has met his burden with respect to elements one and two of an avoidance action under section 548(a)(1)(B). The Trustee has plausibly alleged that the Debtor had an interest in the Judgment Note at the time of Transfer.[2] The Trustee has also properly alleged that the Transfer of the Judgment Note occurred within the two-year period preceding the Petition Date.[3] Whiteley does not dispute either of these elements.

2. **Reasonably Equivalent Value**

Whiteley argues that the Trustee does not plausibly state that the Debtor received less than reasonably equivalent value for the Transfer because the Complaint does not contain any well-pleaded facts that challenge the allegation that Whitely made the Creditor Payments, or that they provided reasonably equivalent value to the Debtor under the statute. Def.'s Br. 14. Indeed, Whiteley argues that it is impossible for the Trustee to plausibly state this element because he knows that Whiteley made the Creditor Payments and that they provided value to the Debtor in excess of the face value of the Judgment Note. Def.'s Br. 14. Instead, according to Whiteley, the Trustee resorts to "semantics" and other "types of formulaic recitations" to avoid having the Complaint dismissed for failure to state a claim. Def.'s Br. 13, 14. Whiteley thus argues that the facts alleged in the complaint are insufficient to show that the Trustee has stated a "plausible claim

---

[2] According to the Trustee, "[o]n September 4, 2014, in partial payment of the purchase price for the sale of [the Debtor's] assets, Linglestown signed a Judgment Note . . . payable to [the Debtor]" and that the "Judgment Note, the right to receive payments under the Judgment Note, and any and all payments made . . . pursuant to the Judgment Note were valuable assets of" the Debtor. Compl. ¶ 7–8

[3] The Transfer of the Judgment Note to Whiteley occurred on December 29, 2014. Compl. ¶ 13. The petition initiating the underlying bankruptcy was filed on April 29, 2016. Therefore, the Transfer occurred within the two years prior to the Petition Date.

7

for relief." The court disagrees and finds that the Trustee has done just enough under *Twombly* and *Iqbal's* construction of Rule 8 to "nudge" his claim of a fraudulent transfer "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

Reasonably equivalent value is not defined in the Bankruptcy Code. However, the Third Circuit applies a two-step approach to determine whether a debtor received reasonably equivalent value in exchange for a transfer or obligation. *Pension Transfer Corp. v. Beneficiaries under the Third Amend. to Fruehauf Trailer Corp. Ret. Plan No. 003 (In re Fruehauf Trailer Corp.)*, 444 F.3d 203, 212 (3d Cir. 2006). First, the court must determine whether the debtor received "any value at all" from the challenged transaction. *In re R.M.L., Inc.,* 92 F.3d 139, 149 (3d Cir.1996). "Value" is defined by the Bankruptcy Code as "property, or satisfaction or securing of a present or antecedent debt of the debtor...." 11 U.S.C. § 548(d)(2)(A). The court should consider in its evaluation any direct and indirect benefits conferred by the transfer. See *Mellon Bank, N.A. v. Metro Commc'ns, Inc.,* 945 F.2d 635, 646 (3d Cir.1991). Second, if the court finds that a debtor received at least some value, it must then decide whether the value received was "roughly the value it gave." *In re Fruehauf Trailer Corp.,* 444 F.3d 203, 212–13 (3d Cir.2006). In assessing whether reasonably equivalent value was received, the court should look to the "totality of the circumstances," including (1) the "fair market value" of the benefit received as a result of the transfer, (2) "the existence of an arm's-length relationship between the debtor and transferee" and (3) the transferee's good faith. *In re R.M.L.,* 92 F.3d at 148–49. As with the first requirement, the court should consider in its evaluation any direct and indirect benefits conferred by the transfer. *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d at 646. If the court determines that the debtor did not receive "any value at all" from the challenged transaction, then the inquiry ends and

8

the court is not required to engage the second step of the Third Circuit's two-step approach. *See In re Fruehauf Trailer Corp.*, 444 F.3d at 212–13.

For the reasons that follow, this court concludes that the facts alleged in the Complaint are sufficient to show that the Trustee has plausibly pleaded this element under *Iqbal* and *Twombly*. First, like Whiteley, the court assumes that the Trustee knew of the allegation that the Judgment Note was transferred to Whiteley as reimbursement for the Creditor Payments when he drafted the Complaint.[4] Second, the court accepts as true the Trustee's assertions in paragraphs 14 and 15 of the Complaint. Paragraph 14 states that "[a]t the time of the Judgment Note Transfer, Whiteley had not made any loans to the Debtor, had not signed any loan documents with [the Debtor], had no contract or written agreement with the Debtor, was not a surety for the Debtor, had no surety claim or other legally enforceable claim against the Debtor, and was not a creditor of the Debtor." Compl. ¶14. Paragraph 15 states, in part, that the Debtor "transferred the Judgment Note to Whiteley for no consideration, money, payment, product, service, release of claim, payment of obligation, or other value of any kind whatsoever. . .". Compl. ¶15.

Viewing these averments in the light most favorable to the Trustee, this court finds that the language of paragraphs 14 and 15 is sufficient to allow the court to draw the reasonable inference that the Debtor did not receive any value from Whiteley or any other party at the time of the Transfer, or at any time prior to the Transfer. At a minimum, the language "no consideration . . . or other value of any kind whatsoever" is, of course, "less than reasonably equivalent value" for transfer of a Judgment Note with a face value of $250,000.[5] Additionally, the court finds that the factual averments of paragraph 15 are not limited in a temporal sense to the moment of the

---

[4] The court makes this assumption because the Transfer Document, which is attached as Exhibit "C" to the Complaint, contains this allegation.
[5] See *In re Harman*, 508 B.R. 780, 788 (Bankr. N.D.Ga. 2014) (holding that a Trustee has sufficiently plead the third element of less than reasonably equivalent value where he "alleges that the transfer was made for no consideration.).

9

Transfer. To the contrary, viewing the averments of paragraph 15 in the light most favorable to the Trustee, this court finds it reasonable to infer that the averments encompass all time periods leading up to and including the time of the Transfer. Since it is assumed that the Trustee was aware of the allegation that the Judgment Note was transferred to Whiteley as reimbursement for the Creditor Payments when he drafted the Complaint, it is reasonable to infer that the averments of paragraph 15 serve to deny those allegations. The Complaint can therefore plausibly be read to dispute the allegation that Whiteley made the Creditor Payments or, alternatively, that they did not provide any value to the Debtor.

To find otherwise would violate *Twombly* and *Iqbal* by elevating the credibility of unproven allegations in an exhibit above the factual averments of a Complaint. No evidence has been presented to support the allegation that Whiteley made the Creditor Payments, or that they conferred value upon the Debtor. Nor has the Trustee conceded these facts.[6] Further, there has been no finding by this or any other court that Whiteley did, as a matter of fact, make the Creditor Payments or that they conferred value upon the Debtor. At this stage of the litigation, it is only the well-pleaded averments in the Complaint that are entitled to the presumption of truth, not the unproven allegations of an exhibit attached thereto. This is particularly true where the exhibit in question appears to have been prepared by or at the direction of the Debtor or the Defendant and not the Plaintiff.

Dismissing the Complaint on the theory advanced by Whiteley has other problems. It forces future plaintiffs to anticipate and factually dispute all possible affirmative defenses, even if they are based upon facts or matters outside of a complaint, in order to survive a subsequent motion

---

[6] Consider paragraph 12 of the Complaint: "To the extent Whiteley *may have made payments* to Capital Plaza . . ." Compl. ¶12. (emphasis added). Viewing the language in the light most favorable to the Trustee allows the court to reasonably infer that the Trustee lacks proof that the payments were made and thus disputes them.

to dismiss.[7] Such a practice is not consistent with current law. Generally, as is the case here, facts necessary to establish an affirmative defense must come from matters outside of the complaint. Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b). *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657–58 (3d Cir. 2003) citing *Robinson v. Johnson,* 313 F.3d 128, 135 (3rd Cir.2002); *Nemitz v. Norfolk & W.R. Co.,* 15 Ohio Misc. 317, 287 F.Supp. 221, 231 (1968), *aff'd by* 404 U.S. 37, 92 S.Ct. 185, 30 L.Ed.2d 198 (1971).

Simply put, it cannot be determined at this stage of the litigation whether Whiteley actually made the Creditor Payments.[8] Moreover, even if she did, this fact does not render the Trustee's claim implausible. The Trustee may still be able to prove facts in support of its claims which would entitle him to relief. This court therefore finds that the averments of the Complaint are sufficient to show that the Trustee has a plausible claim for relief under *Iqbal* and *Twombly*. They allow the court to reasonably infer that the Debtor may not have received any value at all from the Transfer. Because the court finds that it is plausible that the Debtor may not have received any value at all from the Transfer, there is no need to engage in the second part of the two-part test established by the Third Circuit in *In re Fruehauf Trailer Corp*.

3. **Insolvency**

Here, the Complaint alleges that the Debtor was insolvent at the time of and as a result of the Transfer because its liabilities exceeded the value of its assets. Compl. ¶¶ 32 and 33. In support of this allegation of insolvency, the Trustee alleges that "[a]t the time of and as a result of the

---

[7] Whitely argues that she gave value in exchange for the Transfer and implies that she accepted it in good faith. Though not expressly labeled as such, Whiteley appears to be asserting an affirmative defense under section 548(c), or at least a defense substantially similar thereto.

[8] The question of whether the Debtor received reasonably equivalent value is a question of fact. See, e.g., *Nordberg v. Arab Bankruptcy Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593 (11th Cir. 1990). The court is not required to make findings of fact when ruling on a motion under Federal Rule of Civil Procedure 12 and should refrain from doing so until after the close of the evidence. See Fed.R.Civ.P. 52(1) & (3).

11

transfer of the Judgment Note in December of 2014, Debtor had no assets but had already accrued a liability to Keefer and Hildebrand in the amount of no less than $5,820.00. . .". Compl. ¶30.

Whiteley does not directly challenge this averment in her Motion to Dismiss. Instead, Whiteley argues that these allegations may prove to be insufficient to state a claim upon which relief can be granted because they depend entirely upon the validity of the claims of Keefer and Hildebrand, which she disputes. According to Whiteley, if the claims of Keefer and Hildebrand are eliminated, then Whiteley will be the only remaining creditor in the underlying bankruptcy case and, as the named defendant in this adversary proceeding, the Trustee will have failed to "state a claim upon which relief can be granted." Whitely thus contends that the validity of the Keefer and Hildebrand Claims should be resolved as part of this Motion to Dismiss.

Whiteley's contention is unavailing for two reasons. First, proceeding as Whiteley proposes would require this court to determine whether the Debtor was actually insolvent at the time of the Transfer. Insolvency is generally a factual determination not appropriate for resolution in a motion to dismiss. *In re DBSI, Inc.*, 447 B.R. 243, 248 (Bankr. D. Del. 2011). Even if this general rule does not apply here, there is still no reason to proceed as Whiteley suggests. Since filing her Motion to Dismiss, Whiteley has filed objections to the Keefer and Hildebrand claims pursuant to Federal Rule of Bankruptcy Procedure 3007 and section 502(a) of the Bankruptcy Code. The viability of those claims will be resolved appropriately in the context of those proceedings, not this one.

Second, the Trustee has sufficiently pleaded facts alleging the Debtors' insolvency under section 548(a)(1)(B)(ii)(I). Determining whether a Debtor was insolvent for purposes of section 548(a)(1)(B)(ii)(I) requires an analysis of the Debtor's liabilities as compared to the fair value of the Debtor's assets at or around the time of the Transfer. *See* 11 U.S.C. § 101(32)(A) (defining

"insolvent" as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property at a fair valuation"). As with the inquiry into the existence of reasonably equivalent value, the court accepts as true the Trustee's assertions in the relevant paragraphs of the Complaint. Paragraph 30, for example, provides that "[a]t the time of and as a result of the transfer of the Judgment Note in December of 2014, Debtor had no assets but had already accrued a liability to Keefer and Hildebrand in the amount of no less than $5,820.00. . .". Compl. ¶30. Viewing these factual averments in the light most favorable to the Trustee, this court finds that the language of paragraph 30 is sufficient to allow the court to draw the reasonable inference that the Debtor's liabilities were greater than the value of the Debtor's assets at or around the time of the Transfer.

**D.      Section 550(a) Recovery**

Having properly pleaded avoidance of the transfer under section 548, to recover the Transfer for the benefit of the bankruptcy estate, the Trustee need only allege that Whiteley was the initial, immediate, or mediate transferee of the Judgment Note, or that Whiteley was the entity for whose benefit the transfer was made. As the Trustee has alleged that the Judgment Note was transferred to Whiteley, Trustee has stated a plausible case for recovery of the value of the Transfer pursuant to section 550.

ORDERED that the Motion is denied.

**IV.      Conclusion**

An appropriate Order will follow.

13

Case 1:18-ap-00043-HWV    Doc 14    Filed 01/07/19    Entered 01/07/19 13:40:25    Desc
Main Document      Page 13 of 13